UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17 CV 7991 |
| | ) | |
| THE BOARD OF TRUSTEES OF | ) | The Honorable Nancy L. Maldonado |
| NORTHERN ILLINOIS UNIVERSITY, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**JOINT STATUS REPORT FOR REASSIGNED CASE**

**I.** **Nature of the Case**

    A.    Attorneys of Record

        For Plaintiff:
        Gal Pissetzky
        Pissetzky Law, LLC
        350 E. Wacker Drive, Suite 1980
        Chicago, IL 60601
        (312) 883-9466
        gal@pissetzkylaw.com

        For Defendant
        NIU Office of General Counsel
        Gregory Brady, Deputy General Counsel
        James Guagliardo, Assistant General Counsel
        Northern Illinois University
        Altgeld Hall 330
        DeKalb, Illinois 60115
        (815) 753-1774
        gbrady@niu.edu
        jguagliardo@niu.edu

    B.    Basis for Federal Jurisdiction

        Plaintiff Doe alleges violations of his federal constitutional due process rights pursuant to 42 U.S.C. 1983. Plaintiff further alleges violations of Title IX of the Education Amendments of 1972: 20 U.S.C. 1681-1688.

        Federal question and supplemental jurisdiction are proper pursuant to 28 U.S.C. 1331 and 28 USC 1367.

C.        Claims Asserted

Plaintiff Doe was an undergraduate student at Defendant Northern Illinois University, when a Title IX Complaint was brought against Plaintiff. Plaintiff contends that the Defendant's Title IX procedures and hearing, and subsequent actions taken by the Defendant, violated Plaintiff's due process rights, causing Plaintiff harm.

Plaintiff also alleges that Defendant violated his due process rights during an investigation into an allegation that Plaintiff possessed and used illegal drugs, in violation of the Defendant's Student Conduct Policy.

D.        Relief and Damages Sought by Plaintiff

Plaintiff contends that the Defendant's Title IX investigation and outcome hearing against him, and his Student Conduct Policy violation suspension – based on illegal drug possession and use allegations – continue to cause irreversible damage to Plaintiff's educational career, and his future employment prospects. As a result, Plaintiff contends there is a controversy between the parties with respect to the outcome, permanency, and future handling of Plaintiffs formal student record at Defendant NIU. As a remedy, pursuant to 28 U.S.C. 2201, Plaintiff's suit seeks declaratory judgment as follows:

- The outcome and findings of NIU's Title IX final report be reversed;

- The outcome and findings of NIU's Title IX sanctions hearing be reversed;

- The record of Plaintiff's suspension due to alleged illegal drug use/possession be removed from Plaintiff's educational file;

- The record of Plaintiff's expulsion from NIU due to the Title IX proceedings be permanently removed from his educational file;

- The record of Plaintiff's suspension due to illegal drug use allegations be destroyed;

- The record of Plaintiffs expulsion, due to the Title IX investigation and hearing, be destroyed; and

- Plaintiff's complaint also requests judgment awarding Plaintiff damages in an amount to be determined at trial, including, without limitation, damages to reputation, past and future economic losses, loss of educational opportunities, and loss of future career prospects, plus prejudgment interest, attorney fees, expenses, costs and disbursements.

 E.  Parties Not Yet Served

   None.

II. **Discovery and Pending Motions**

 A. Pending Motions

  There are no motions pending, as this federal case has been stayed pending resolution of Doe's related state criminal charge in DeKalb County Illinois. Doe's related state criminal charge was tried before a jury in DeKalb County during the week of November 28 to December 2, 2022, after which the jury found Doe not guilty. As a result of the acquittal, Doe's related state criminal case has now ended.

 B. Current Discovery Schedule

  There is no current discovery schedule, as this federal case has been stayed pending resolution of Doe's related state criminal charge in DeKalb County Illinois. Doe's state criminal case has now ended.

 D. Discovery Concluded to Date

  Discovery has not yet commenced, as this federal case has been stayed pending resolution of Doe's related state criminal charge in DeKalb County Illinois. Doe's state criminal case has now ended.

 E. Substantive Rulings

  On September 13, 2018, the Court (Judge Leinenweber) denied Defendant's Motion to Transfer Venue of this matter to the Western Division of the Northern District of Illinois. Docket No. 18.

 F. Anticipated Motions

  Defendant anticipates a potential Motion to Dismiss to address, at least, portions of the Complaint.

III. **Trial**

 A. Jury Demand

  Plaintiff has demanded a trial by jury. See Plaintiff's Complaint, p. 29.

 B. Trial Date

  No trial date has been set. It is too early in the proceedings to anticipate a trial date with accuracy.

 C. Pretrial Order

                No Pretrial Order has been filed. It is too early in the proceedings to anticipate with accuracy a Pretrial Order filing date.

        D.      <u>Estimate Number of Trial Days</u>

                Four to six days.

IV.    **<u>Settlement, Referrals, and Consent</u>**

        A.      <u>Settlement Discussions</u>

                Following the recent resolution of Doe's criminal case, both parties have expressed a willingness to engage in discussions. Details of potential settlement terms have not yet been discussed.

        B.      <u>Magistrate Referral</u>

                This matter has not been referred to a Magistrate Judge for discovery, supervision or for a settlement conference.

        C.      <u>Settlement Conference</u>

                The parties do not request a settlement conference at this time.

        D.      <u>Magistrate Judge Resolution</u>

                At this point, the parties have not discussed the possibility of proceeding before the assigned Magistrate Judge for all purposes.

V.    **<u>Other</u>**

        A.      <u>Plaintiff</u>

        B.      <u>Defendant</u>

                On November 16, 2017, Defendant NIU executed a Waiver of Service of Summons in this matter. It is Defendant's position that, per that waiver, once the stay of this case is lifted, Defendant will have 60 days in which to answer the Complaint or otherwise plead.