IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:17-CV-07991 |
| v. | ) |
| | ) |
| THE BOARD OF TRUSTEES OF | ) Honorable Judge Andrea R. Wood |
| NORTHERN ILLINOIS UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT REASSIGNMENT STATUS REPORT

### Nature of the Case

A. The parties:

1. John Doe is represented by Gal Pissetzky (lead attorney) of Pissetzky Law LLC.

2. Board of Trustees of Northern Illinois University is represented by Monica H. Khetarpal (lead attorney) and Julia S. Wolf of Jackson Lewis P.C.

B. All parties have been served.

C. This Court has jurisdiction over Plaintiff's Title IX claims pursuant to 28 U.S.C. § 1331 and Plaintiff's purported Declaratory Judgment claim pursuant to 28 U.S.C. § 2201.

D. John Doe is a former male student at Northern Illinois University ("NIU" or the "University"), who was investigated by the University following allegations that he sexually assaulted a woman in his fraternity and subsequently used cocaine in his fraternity while the investigation into the sexual assault was pending. Doe alleges that NIU's investigations and handling of the complaints made against him were discriminatory on the basis of sex and that the subsequent investigation into his alleged cocaine use was

1

retaliation for Doe defending himself against the sexual assault allegations. Doe's Amended Complaint includes four counts: Violation of Title IX (Count I), Breach of Contract (Count II), Retaliation under Title IX (Count III) and Declaratory Judgment (Count IV). In his Opposition to Defendant's Motion to Dismiss, however, Plaintiff concedes that his breach of contract claim should be dismissed. *See* Plaintiff's Response Opposition in Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 44) at 18. NIU has not asserted any counterclaims.

Plaintiff seeks the following relief:

> (1) On the first cause of action for violation of the Title IX of the Education Amendments of 1972, a judgment awarding Plaintiff damages in an amount to be determined at trial, including, without limitation, damages to reputation, past and future economic losses, loss of educational opportunities, and loss of future career prospects, plus prejudgment interest, attorney's fees, expenses, costs and disbursements;
>
> (2) On the third cause of action for Title IX retaliation, Plaintiff seeks a judgment awarding Plaintiff damages in an amount to be determined at trial, including without limitation damage to reputation, damage to future career prospects and attorneys' fees;
>
> (3) On the fourth cause of action for a declaratory judgment pursuant to 28 U.S.C. § 2201, a declaration that: (i) the outcome and findings made by NIU's Final Report be reversed; (ii) the outcome and findings made by NIU at the sanctions hearing be reversed; (iii) the record of Doe's suspension due to the unfounded cocaine use allegations be removed from his educational file; (iv) the record of Doe's expulsion

from NIU due to the Title IX claim be permanently removed from his education file; (v) the record of Doe's suspension due to the dismissed cocaine use allegations be destroyed; (vi) the record of Doe's expulsion due to the Title IX investigation and hearing be destroyed; and

(5) any other further relief the Court deems just, equitable, and proper.

Defendant denies that Plaintiff is entitled to the relief that he seeks and denies that his requested declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. 2201. Defendant further notes that Plaintiff cannot recover emotional distress or punitive damages under Title IX.

## Discovery and Other Proceedings to Date

A. No discovery has taken place to date and no discovery schedule has been set.

B. Defendant has a Motion to Dismiss Plaintiff's Amended Complaint pending that has been fully briefed since September 12, 2023. There are no other motions pending at this time.

C. There have not been any substantive rulings made in this case to date.

## Trial

A. Plaintiff has made a jury demand.

B. No trial date has been set and the parties cannot reasonably estimate a date for trial while Defendant's Motion to Dismiss remains pending.

C. No pretrial order has been filed and there is no deadline for filing a pretrial order.

D. The parties estimate a jury trial would likely last 7 to 10 days.

## Referrals and Settlement

A. This case has not been referred to a Magistrate Judge for discovery supervision, a settlement conference, or any other purpose.

B. The parties have made a demand and offer, respectively, but are not currently engaged in settlement discussions.

C. The parties do not request a settlement conference at this time.

                                                  Respectfully Submitted,

By: */s/ Gal Pissetzky*            By: */s/ Monica H. Khetarpal*
Plaintiff's attorney                One of Defendant's attorneys

Gal Pissetzky                       Monica H. Khetarpal
Pissetzky Law, LLC            Julia S. Wolf
350 E. Wacker Drive, Suite 1980    Jackson Lewis P.C.
Chicago, IL 60601              150 North Michigan Avenue, Suite 2500
(312) 883-9466                 Chicago, IL 60601
gal@pissetzkylaw.com         Tel.: 312.787.4949
                                   Monica.Khetarpal@jacksonlewis.com
                                   Julia.Wolf@jacksonlewis.com